UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERLY SOBH and
SAM SOBH,

    Plaintiffs,

                                                   Case No. 11-11295
v.                                                Hon. Lawrence P. Zatkoff

BANK OF AMERICA, N.A.,
JPMORGAN CHASE BANK,
TROTT & TROTT, and
AMERICAN PREMIER TITLE,

    Defendants.
    _____/

## ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 7, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Plaintiffs' ex parte motion for a temporary restraining order and preliminary injunction [dkt 22]. Plaintiffs' allege, among other violations, that the debt owed on their property is paid in full and Defendants have no standing to enforce the mortgage payments Defendants claim are owed. Thus, Plaintiffs seek to immediately enjoin Defendants from executing an allegedly illegal sheriff's sale upon Plaintiffs' property located at 19036 Parke Ln., Gross Ille, Michigan. The sheriff's sale is scheduled on July 13, 2011, at the Wayne County Circuit Court.


## II.  LEGAL STANDARD

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

(1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

(2) whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

(3) whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(4) whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).  The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

## III.  ANALYSIS

The Court has reviewed Plaintiffs' Motion.  The Court finds that Plaintiffs have not satisfied their burden to require this Court to grant the request for injunctive relief.  Federal district courts lack jurisdiction to directly review the judgments of state courts.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  Courts have consistently applied the *Rooker-Feldman* doctrine to claims requesting review of a state

court's eviction and foreclosure proceedings.  *See, e.g.*, *Austin v. Countrywide Home Loans*, No. 08-15127, 2008 WL 4954617, at *1 (E.D. Mich. Nov. 18, 2008); *Berry v. Ocwen Loan Servs., LLC*, No. 08-13760, 2008 WL 4648123, at *2 (E.D. Mich. Oct. 21, 2008); *Jones v. Heartland Home Fin. Corp.*, No. 07-14398, 2008 WL 4561693, at *2 (E.D. Mich. Oct. 10, 2008).  Plaintiffs' fail to cite to the Court any legal authority that it has jurisdiction and may properly enjoin the state sheriff's sale.  Based on the representations in Plaintiffs' motion, it appears to the Court that it does not have jurisdiction to enjoin the sheriff's sale from proceeding.  As such, Plaintiff's motion for injunctive relief is denied.

Based on the issues raised in Plaintiff's Motion, it appears to the Court that the property at issue in Plaintiff's Motion has been and/or is currently involved in a state court proceeding in the Michigan Wayne County Circuit Court.  Therefore, IT IS FURTHER ORDERED that Plaintiff shall SHOW CAUSE IN WRITING, WITHIN 14 DAYS OF THE DATE OF THIS ORDER, why the Court should not dismiss Plaintiff's cause of action on the basis of abstention.

### IV.  CONCLUSION

Accordingly, for the reasons stated, Plaintiffs' ex parte motion for order to show cause and preliminary injunction [dkt 22] is DENIED.

IT IS SO ORDERED.

                                              S/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: July 7, 2011

CERTIFICATE OF SERVICE

     The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 7, 2011.

                                              S/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290