UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERLY SOBH and
SAM SOBH,

    Plaintiffs,

                                                                               Case No. 11-11295
v.                                                                  Hon. Lawrence P. Zatkoff

BANK OF AMERICA, N.A.,
JPMORGAN CHASE BANK,
TROTT & TROTT, and
AMERICAN PREMIER TITLE,

    Defendants.
    _____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 18, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

On July 7, 2011, in an order denying Plaintiffs' motion for temporary restraining order, the Court issued Plaintiffs an Order to Show Cause (Docket #23) why Plaintiff's cause of action should not be dismissed on the basis of the abstention doctrine, as most prominently set forth in the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). For the reasons set forth in Plaintiff's Response to Order to Show Cause, the Court finds that the instant case does not fall within the parameters of the *Rooker-Feldman* doctrine. As such, the Court concludes that Plaintiffs' cause of action should not be dismissed on the basis of the *Rooker-Felman* doctrine. Accordingly, the Court hereby DISMISSES the Order to Show Cause (Docket #23) issued to Plaintiffs on July 7, 2011.

Notwithstanding this Court's concurrent jurisdiction over Plaintiffs' cause of action and the

fact that Plaintiffs filed this action approximately one week before one or more of the Defendants began foreclosure proceedings against Plaintiffs in state court, this Court shall abstain from interfering with the state court foreclosure proceedings, *i.e.*, granting Plaintiffs the injunctive relief they seek.  First, foreclosure proceedings are generally handled by state courts, not federal courts, and the propriety of determining whether a foreclosure is appropriate is a matter of state law, not federal law.  Second, the federal statutes pursuant to which Plaintiffs have brought this action are: (1) portions of the Truth In Lending Act (Plaintiffs cite 15 U.S.C. § 1604(a)(4), 15 U.S.C. § 1639(h), and Regulation Z C.F.R. 226.32(e)(1) in their Complaint), and (2) 39 U.S.C. § 3009 ("nonmailable matter").  Even if Plaintiffs' claims pursuant to these statutes are viable, however, the relevant statutes do not authorize this Court to grant Plaintiffs any injunctive relief.  As Plaintiffs' Complaint recognizes, the alleged Truth In Lending Act violations provide for monetary damages. *See* 15 U.S.C. § 1604(a)(4).  Moreover, the alleged violations under 39 U.S.C. § 3009: (a) provide for enforcement by the United States, (b) provide for civil monetary penalties, and (c) do no provide for a private cause of action.

Therefore, for the reasons set forth above, the Court finds that the interests of justice weigh heavily in favor of allowing the foreclosure proceedings to be addressed in state court.  Accordingly, the Court again concludes that the relief requested by Plaintiffs in their motion for injunctive relief (Docket #22) must be denied.  This Court shall, as appropriate and as necessary, address the federal claims presented in Plaintiffs' Complaint.

Accordingly, and for the reasons set forth above, the Court hereby ORDERS that:

1. The Order to Show Cause (Docket #23) issued to Plaintiffs on July 7, 2011, is DISMISSED.

2. Plaintiffs' motion for injunctive relief (Docket #22) is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated:  July 18, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 18, 2011.

S/Marie E. Verlinde  
Case Manager  
(810) 984-3290