**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHERYL SOBH and SAM
SOBH,

               Plaintiffs,                                 CASE NO. 11-11295
                                                HON. LAWRENCE P. ZATKOFF

v.

BANK OF AMERICA, NA; JP MORGAN
CHASE BANK; TROTT & TROTT, P.C.; and
AMERICAN PREMIER TITLE AGENCY,

               Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 8TH   day of December, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion to Amend the Complaint (Docket #10),

a motion to which no party has responded.  In addition, Defendant Trott & Trott, P.C. ("Trott") has

filed a Motion to Dismiss (Docket #13), and a Motion for Entry of Judgment on the Pleadings has

been filed by Defendants JP Morgan Chase Bank, NA ("Chase") and Bank of America, NA

("BOA") (Docket #18).  Plaintiff filed a timely response to the motion filed by Chase and BOA but

did not file a response to Trott's motion.  Chase and BOA filed timely reply to Plaintiff's response.

The Court finds that the facts and legal arguments pertinent to the motions are adequately presented

in the parties' papers, and the decision process will not be aided by oral arguments.  Therefore,

pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted by the parties, without this Court entertaining oral arguments.  For the reasons that follow, all three motions are GRANTED, and this cause of action is DISMISSED.

## II.  BACKGROUND

As set forth in Plaintiffs' response to the motion for judgment on the pleadings filed by Chase and BOA, the underlying circumstances for Plaintiffs' cause of action are:

On or about April 7, 2006, Plaintiffs Cheryl Sobh and Sam Sobh, husband and wife, obtained a mortgage through Washington Mutual Bank, N.A. for a home located at 19035 Parklane, Grosse Ile, Michigan in the amount of Five Hundred and Ten Thousand Dollars ($510,000.00).  On the same day, Plaintiff Cheryl Sobh signed a promissory note ("Note") associated with the purchase of the property.

In 2008, Plaintiffs received notice from Chase, wherein Plaintiffs were notified that Chase had become the holder of the Note and that Plaintiffs were to begin making payments to Chase.  Plaintiffs immediately sent Chase a letter purporting to rescind the Note, but the recision allegedly was ignored by Chase. At some point, Plaintiffs again complained to Chase and, in return, Plaintiffs received a letter from Trott stating that BOA was now the mortgage holder and the debt was valid. Shortly after that, Plaintiffs received a letter from BOA stating that a loan had been paid in full. Plaintiffs wrote the Comptroller of BOA for clarification and the matter was closed out.  In 2010, Chase began to attempt to collect payments from Plaintiffs again. Despite being told that the debt was satisfied,  Chase allegedly continued to harass Plaintiffs for payment.

On March 30, 2011, Plaintiff filed a complaint against the four defendants named in the caption above (the "Complaint").  The Complaint included the following counts:

Count I          Quiet Title

Count III        Slander of Title[1]

Count IV        Fraud/Misrepresentation

Count V         Violations of the Truth in Lending Act

Count VI        Violations of the Michigan Consumers Protection Act

Count VII       Breach of Fiduciary Duty

Count VIII      Unfair Business Practices under Federal and State law

Plaintiffs served the Complaint on Trott, Chase and BOA, but they never served the other named defendant, American Premier Title Agency. The time for serving American Premier Title Agency has expired; as such, the Court need not address the claims against that entity. Based on the residency of the served parties, the Court has only federal question jurisdiction over Plaintiffs' cause of action pursuant to 28 U.S.C. § 1331; it does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, the Court previously entered an order, wherein the Court: (1) declined supplemental jurisdiction over Plaintiffs' state law claims, *i.e.*, those set forth in Counts I, III, IV, VI, VII, and VIII (to the extent that Count VIII asserts a claim under state law), and (2) dismissed such state law claims without prejudice. Plaintiffs' federal claims, *i.e.*, those set forth in Counts V and VIII (to the extent that Count VIII asserts a claim under federal law), remain before this Court.

### III. LEGAL STANDARD

**A.      Rule 15(a)**

Federal Rule of Civil Procedure 15(a) provides, in relevant part:

(a)       Amendments Before Trial.

---

[1]The Complaint does not include a "Count II." For purposes of this Opinion, the Court shall refer to the Counts as enumerated in the Complaint.

    (1)    *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

        (A)    21 days after serving it, or

        (B)    if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**B.**    **Rule 12(b)(6)**

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the

Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

**C.      Rule 12(c)**

In deciding a motion brought under Rule 12(c), the standard is the same as that used in evaluating a motion brought under Fed. R. Civ. P. 12(b)(6). *See, e.g., Stein v U.S. Bancorp*, *et. al*, 2011 U.S. Dist. LEXIS 18357 at *9 (E.D. Mich. February 24, 2011). As such, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

## IV.  ANALYSIS

**A.     Plaintiffs' Motion to Amend**

Plaintiffs seek leave of the Court to amend their pleadings for the sole purpose of removing Plaintiff Sam Sobh as a named party.  Plaintiffs state that Sam Sobh had been "inadvertently added as a Plaintiff in the matter."  In this instance, however, the real question raised by the motion to amend filed on behalf of Plaintiffs is not whether to grant it, however, but rather "why was the motion filed in the first place?"

As set forth in Section III.A. above, a party may amend its pleadings "once as a matter of course" (*i.e.*, without leave of the Court or consent of any other parties) when it is filed within 21 days after serving it, so long as the party(ies) upon whom it was served did not file a response. *See* Rule 15(a)(1); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000) (noting that Rule 15(a) "gives plaintiffs an absolute right to amend their complaint one time before a 'responsive pleading' is served")*.*  As the case docket reflects, (1) the motion to amend necessarily was filed within 21 days of when the Complaint was served because the motion to amend was filed only eight

days after the Complaint was filed, and (2) no party filed an answer or any other responsive pleading to the Complaint prior to the date the motion to amend was filed.  As such, at the time the motion to amend was filed, Plaintiffs had the right to amend the Complaint by simply filing the amended complaint.

Notwithstanding the fact Plaintiffs unnecessarily filed the motion to amend, the Court hereby grants Plaintiffs' motion to amend because Plaintiffs had the right to amend their complaint at the time the motion was filed.

**B.      Defendants' Dispositive Motions**

As Defendants' dispositive motions were filed after Plaintiffs filed the motion to amend, the Court shall decide their dispositive motions as if Cheryl Sobh has always been the only named Plaintiff in this action.  As the sole change to the Complaint was to remove Sam Sobh as a named Plaintiff in this action, however, the Court notes that such amendment is wholly irrelevant to the Court's analysis of the issues presented in the Defendants' dispositive motions.

*1.      Trott's Motion to Dismiss*

Shortly after being served with the Complaint, Trott filed its motion to dismiss.  Plaintiff has never filed a response to Trott's motion to dismiss, even though Plaintiff filed: (a) a response to the motion for judgment on the pleadings filed by BOA and Chase one month later, and (b) a motion for temporary restraining order approximately two months later.  As Plaintiff has not contested the following representations made by Trott, and as no documents filed in this action would support a contrary finding, the Court shall accept as true the following representations set forth by Trott in its motion to dismiss:

A.      Trott is a law firm located in Southfield, Michigan.

6

B.      Chase retained Trott to handle foreclosure and/or bankruptcy matters on Chase's behalf.

C.      Trott has no interest in any mortgage or note associated with Cheryl Sobh (or her husband, Sam Sobh, for that matter).

D.      Trott's sole role in relation to the underlying subject matter of this cause of action (*i.e.*, the Note and mortgage) is as legal counsel for Chase.

Trott's motion to dismiss addressed all the Counts set forth in the Complaint filed by Plaintiffs. As only Counts V and VIII remain before the Court, however, only Trott's arguments related to Counts V and VIII need be addressed.

Count V of Plaintiff's cause of action is based on the Truth In Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), including the provisions within the Home Ownership and Equity Protection Act ("HOEPA"), which is a part of TILA. TILA and HOEPA have a one-year statute of limitations for damages, 15 U.S.C. § 1640(e), and a three-year statute of limitations for recision. 15 U.S.C. § 1635(f). As Plaintiff's mortgage loan was originated on April 7, 2006, but Plaintiff's Complaint was not filed until March 30, 2011, nearly five years later, Plaintiff's TILA/HOEPA claims for both damages and recision are time-barred. Accordingly, the Court concludes that Count V fails to state a claim upon which relief can be granted *vis a vis* Trott.

As to Count VIII, Plaintiff alleges that "Defendants committed unlawful, unfair and/or fraudulent business practices as defined in Federal Statute 39 USC § 3009[.]" 39 U.S.C. § 3009 is a postal service regulation related to the mailing of unordered merchandise, including the mailing of bills related to such merchandise. The Complaint, however, lacks any allegations to support a claim under Section 3009. Specifically, there are no allegations whatsoever related to: (1) any specific action taken by Trott (the only paragraphs of the Complaint that even mention Trott are ¶ 8 (identifying Trott as a Michigan corporation/third party debt collector) and ¶ 25 (suggesting Trott

7

was in a joint venture with other defendants regarding the Note)); or (2) postal service mailings of any merchandise or letters relating to the collection of accounts receivable regarding merchandise. Accordingly, the Court concludes that, as to Trott, Count VIII also fails to state a claim upon which relief can be granted.

For the reasons set forth above, the Court finds that, as to Trott, Plaintiff has failed as a matter of law to plead a viable claim. The Court, therefore, grants Trott's motion to dismiss pursuant to Rule 12(b)(6).

   2.   *Motion for Judgment on the Pleadings filed by BOA and Chase*

As was true with respect to Trott, the only remaining claims in the Complaint brought by Plaintiff against BOA and Chase are set forth in Counts V and VIII. For essentially the same reasons set forth above, Plaintiff has failed to state a claim upon which relief can be granted with respect to BOA and Chase. First, with respect to Count V, Plaintiff's TILA/HOEPA claims for damages and recision are time-barred pursuant to 15 U.S.C. § 1640(e) and 15 U.S.C. § 1635(f), respectively. Second, with respect to Count VIII, there are no allegations that BOA or Chase utilized the postal service to mail Plaintiff any merchandise or letters relating to the collection of accounts receivable regarding such merchandise.

Accordingly, the Court concludes that, pursuant to Rules 12(b)(6) and 12(c), both Counts V and VIII fail to state a claim upon which relief can be granted *vis a vis* BOA and Chase. Therefore, the Court grants the motion for judgment on the pleadings filed by BOA and Chase.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that:

8

1.      Plaintiffs' Motion to Amend the Complaint (Docket #10) is GRANTED;

2.      Trott's Motion to Dismiss (Docket #13) is GRANTED; and

3.      The Motion for Entry of Judgment on the Pleadings filed by BOA and Chase

        (Docket #18) is GRANTED.

Based on the foregoing rulings, the Court hereby DISMISSES Plaintiff's cause of action.  Judgment

shall be entered accordingly.

        IT IS SO ORDERED.


                                    s/Lawrence P. Zatkoff
                                    LAWRENCE P. ZATKOFF
                                    UNITED STATES DISTRICT JUDGE

Dated:  December 8, 2011

                        CERTIFICATE OF SERVICE

        The undersigned certifies that a copy of this Order was served upon the attorneys of
record by electronic or U.S. mail on December 8, 2011.


                                    s/Marie E. Verlinde
                                    Case Manager
                                    (810) 984-3290